NEW-YORK. 5

The People on the relation of White *a.* The Justices and Clerk of N. Y. Marine Court.

THE PEOPLE on the relation of WHITE *a.* THE JUSTICES AND CLERK OF THE NEW YORK MARINE COURT.

*Supreme Court, First District; Special Term, January,* 1856.

MARINE COURT.—APPEAL.—COMMON PLEAS.

An appeal does not lie to the New York Common Pleas directly, from a judgment of the Marine Court, entered by direction of a single justice.

Appeal from such judgment must be taken in the first instance to the general term of the Marine Court.

Whether an appeal lies from the judgment of the general term of the Marine Court, to the Common Pleas :—*Query?*

Application for a mandamus, directing the justices and clerk of the Marine Court to issue execution upon a judgment of that court.

*George Shea,* for the application.

*Busteed* and *Birdsall,* opposed.

PEABODY, J.—In this case a judgment was entered in the Marine Court by order of a single justice, in favor of the plaintiff. From that judgment an appeal was taken directly to the Common Pleas at general term.

The plaintiff, denying the jurisdiction of the Common Pleas to entertain an appeal, refused to appear in that court.

After the appeal to the Common Pleas was made, the plaintiff in the Marine Court applied to the justices and clerk of that court for an execution on his judgment in that court, on the ground that the appeal, being unauthorized by law, was of no effect, and the judgment of the Marine Court was still in force.

The Marine Court refused to issue the execution, and the plaintiff now applies to this court for a *mandamus* directing them to issue it.

The claim on the part of the plaintiff is:

1. That no appeal lies from the Marine Court to the Common Pleas and

2. That if an appeal does lie at all, it lies only from the general term, composed of the three justices, on a judgment entered by order of the court thus organized.

Either of these propositions being decided in favor of the plaintiff, he is entitled to the relief he asks. The last proposition is urged on the ground that the court below having a branch to which appeals from the judgment of a single justice may be taken for review, the defendant is bound on general principles to carry his case to that branch, before applying to a court of superior jurisdiction.

In The People *on rel.* Figaniere *a.* The Justices of the Marine Court, (2 *Abbott*, 126,) the general term of this court, on a motion for a *mandamus* to compel the general term of the Marine Court to vacate its judgment, on the ground that no appeal lay from the decision of a single justice of that court to its general term, denied the motion, and decided that such an appeal did lie. That case decides that an appeal from a judgment, by order of a single justice, does lie to the general term of that court in a case like that, and if it lies in one case, it almost necessarily lies in all. The court, in the opinion given, say : " We think that an appeal lies to the general term from any and all judgments entered in that court by a single judge, and that, whether the cause was tried with or without a jury. This, power is given by the laws of 1853, section 5, chapter 617."

It only remains for us to inquire whether an appeal lies also to the Common Pleas directly from the same class of judgments. If it does, the party appealing is at liberty to appeal either to the general term of the Marine Court, or to the general term of the Common Pleas, or perhaps to both, at his pleasure. This condition of the law is not to be presumed, and only to be admitted, if expressly ordained by the statute.

Prior to the statute of 1853, appeal from this class of judgments did lie to the general term of the Common Pleas *directly*, but the Marine Court, prior to that statute, had no general term, and no power to review its judgments. That statute created the general term, and conferred on it powers of review in cases like the present. It did this without expressly repealing the statute under which the Common Pleas had previously

entertained these appeals, or altering by express terms the powers of the Common Pleas in that respect; for no reference is made in the act to that court or to the course of practice then existing. The appellate powers of the Court of Common Pleas were then general, and applicable to all cases of judgment in the Marine Court. The first judgment in a cause in that court then, was the only one it could render, and from this judgment the appeal to the Common Pleas was necessarily made *directly;* but that statute gave the Marine Court powers of review, and the question is, what effect had this endowment of the Marine Court on the powers of the Common Pleas, or had it any ? May that court still entertain appeals directly from a judgment of a single justice of the Marine Court, as it did when the latter court had no power to review it, and such a judgment was the last and only one the court could render ? Or must an appeal from such a judgment now be taken first to the general term of that court, and the jurisdiction of the court in which the case originated be exhausted before the aid of the appellate court can be availed of ?*

An appeal from one court to another, ordinarily, and in the absence of express provision to the contrary, lies only from the ultimate judgment or decision of the inferior court. This principle is recognized and approved by the Court of Appeals in Gracie a. Freeland, (1 *Comst.* 228), and it is certainly quite in harmony with our impressions of the relation of courts of original and appellate jurisdiction. While the court of original jurisdiction has powers of review and relief which have not been invoked, application to a higher court for relief seems unnecessary, and not in harmony with the theory on which the

---

* These questions have been discussed in several cases decided within the past year, which are noted in our Digest, (*Tit. Marine Court*), with the exception of La Farge a. Norris, *N. Y. Common Pleas, Sp. T.*, May, 1856. In that case Judge Ingraham held, that there is no such inconsistency between the provisions of the Code respecting appeals to the Common Pleas, and the act of 1853, granting an appeal to the general term of the Marine Court, as that the latter act must be held to repeal the former. That both statutes are in force, and the defeated party before a justice of the Marine Court, has his election to appeal to the general term or the Common Pleas. And he granted an injunction against proceedings to enforce a judgment of a Marine Court justice, which had been reversed in the Common Pleas, but which the plaintiff was seeking to collect by execution.

appellate court is constituted and supposed to act. Resort to a higher court is provided for, and can only be expedient after the powers of the inferior court have been fully applied and exhausted, and when, from the constitution and organization of that court, no further appeal or review, or more grave deliberation and judgment, can be had therein. While, however, the branch or department of that court constituted for review of its doings in other departments, and consequently the department in which the gravest and most mature deliberation should be had, has not been appealed to, it would be inconsistent with our ideas of the purpose and functions of an appellate court to entertain jurisdiction for the purpose of correcting the errors of its inferior sister. The presumption should be, that the court of original jurisdiction will correct any errors it may have committed, and this presumption must remain until the powers of review possessed in that court have been appealed to unsuccessfully. The justice of the appellate court should be accessible to suitors, only when all the powers of the inferior court, in its original and appellate capacity and organization, have been applied, and the justice of that court exhausted. The party has no need of the aid of the appellate court until he has tried in vain the highest and ultimate department or tribunal of the court from which he would go to the appellate court. To authorize a different construction from this, we ought to have unequivocal words to that effect. These we do not find, and my conclusion is, that an appeal from a judgment by order of a single justice must be in the first instance to the general term of the Marine Court. This is the practice in the Supreme Court, and to this practice reference is made in the statute conferring this jurisdiction to show how it is to be exercised. Whether an appeal lies to the Common Pleas from a judgment entered by order of the general term, it is not necessary that I should consider; as the appeal in this case was confessedly taken from a judgment entered by order of a single justice. I think, however, and am compelled to decide, that it does not lie from a judgment of the Marine Court entered by order of a single justice, directly to the Common Pleas, but must, in the first instance, be taken to the appellate branch of the court in which it originated.